# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TINH VAN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-728-JD |
| | ) | |
| WARDEN OF DIAMONDBACK | ) | |
| DETENTION FACILITY et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Tinh Van Nguyen, a noncitizen appearing with counsel[1], filed a motion for preliminary injunction, Doc. 6, and an emergency motion to stay removal pending resolution of habeas corpus proceedings, Doc. 7.[2] United States District Judge Jodi W. Dishman referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 8.

For the reasons below, the undersigned recommends the Court deny Petitioner's motions.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.    Factual background and procedural history.

Petitioner is a native and citizen of Vietnam. Doc. 1, at 1. "He entered the United States over two years ago" through "the Orderly Departure Program created to manage the outflow of Vietnamese refugees." *Id.* He "entered the United States with permission and annually maintained his necessary work permit in compliance with all federal immigration laws." *Id.* On or about October 23, 2001, an Immigration Judge (IJ) ordered Petitioner to be removed, but "National Security Concerns . . . prohibited his return to Vietnam." *Id.*

At some point, Petitioner was released by Immigration & Customs Enforcement (ICE) under an order of supervision (OOS) with conditions of release. *See id.* at 2, 10. He maintains that he "remained in compliance with all conditions of release set forth by ICE in order to properly remain in the United States since his deportation order in 2001." *Id.* at 2. On September 17, 2025, Petitioner was detained at his mandated routine check-in and "subsequently detained by ICE before being sent to Diamondback Correctional Facility in Watonga, Oklahoma[.]" *Id.*

Petitioner filed his habeas corpus petition on April 6, 2026. *Id.* at 1. He claims in Ground One of his petition that Respondents violated the Administrative Procedure Act (APA), the Immigration and Nationality Act

2

(INA), and federal regulations when they revoked his OOS and detained him even though he had reported as required. Doc. 1, at 11-14. In Ground Two, he claims he is subject to "unlawful indefinite detention" in violation of the APA, INA, the *Accardi* doctrine[3], and 8 U.S.C. § 1231 because Respondents have made no efforts toward his removal in several years and there is no significant likelihood they will remove him in the reasonably foreseeable future as required under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id*. at 14-16. He asserts in Ground Three that he is subject to indefinite detention and unlawful re-detention in violation of his Fifth Amendment substantive due process rights. *Id*. at 16-17. And in Ground Four, he asserts he is subject to indefinite detention in violation of his Fifth Amendment procedural due process rights. *Id*. at 17-18. He seeks, among other things, a declaration that his re-detention is unlawful and an order directing Respondents to immediately release him from detention. *Id*. at 19.

On April 30, 2026, Petitioner filed his motion for a preliminary injunction and an emergency motion to stay removal pending resolution of his habeas corpus proceedings. Docs. 6 & 7. In his emergency motion, Petitioner advised the Court that he is scheduled to be removed by Respondents on May

---

[3]     *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260 (1954).

5, 2026, to Vietnam. Doc. 7, at 1. Petitioner seeks either the restoration of the status quo by his immediate release, *see* Doc. 6, at 14, or, the stay of his removal, *see* Doc. 7, at 8.

## II.    Discussion.

### A.    Temporary Restraining Order requirements.

Under Federal Rule of Civil Procedure 65(b)(1), a court may only grant a motion for a temporary restraining order without notice, if the moving party has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).[4] Petitioner has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion.

---

[4]    "Ex parte [TROs] are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974) (internal citation omitted). A TRO is issued "pending the hearing of a motion for a temporary injunction," and "its life ceases with the disposition of that motion and without further order of the court[.]" *Houghton v. Cortelyou*, 208 U.S. 149, 156 (1908) (internal quotation marks omitted). By contrast, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

Therefore, the Court should deny the motion. *See, e.g., Bahadorani v. Bondi, et al.,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

**B.    Petitioner's request for an injunction is barred by 8 U.S.C. § 1252(g).**

Petitioner seeks an order enjoining Respondents from executing Petitioner's removal order. Doc. 7, at 8. The Court's first consideration must be whether it has jurisdiction to grant Petitioner's requested relief. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction." (internal quotation marks omitted)). This request falls squarely within 8 U.S.C. § 1252(g)'s jurisdictional bar because it arises from Respondents' discretionary decision to execute Petitioner's removal order.

Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action

5

by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." The Supreme Court limits § 1252(g)'s application to those three specified actions and stresses that the statutory aim is to prevent "attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 485 n.9 (1999); *see McClosky v. Keisler*, 248 F. App'x 915, 918 (10th Cir. 2007) ("Section 1252(g)'s jurisdictional limitation reaches claims that the Attorney General is unfairly executing a removal order." (internal quotation marks omitted)). "Congress decided that, as a matter of public policy, [federal courts] do not have jurisdiction to decide claims that arise from the decision of the Executive Branch to execute a removal order." *Rranxburgaj v. Wolf*, 825 F. App'x 278, 283 (6th Cir. 2020). This remains true "whether or not [federal courts] agree with ICE's decision to execute [a petitioner's] removal order." *Id.*

In *Rauda v. Jennings*, 55 F. 4th 773, 778 (9th Cir. 2022), the Ninth Circuit held that § 1252(g) deprived the court of jurisdiction over the petitioner's request to enjoin the government from executing his removal order until the Board of Immigration Appeals (BIA) ruled on his motion to reopen. *Id.* at 776, 778. It held that § 1252(g)'s "plain text" precluded judicial review because the "[t]he execution of [the] removal order [was] precisely what" the

6

petitioner was challenging. *Id.* at 777. Petitioner does the same in seeking to prevent his imminent removal.

Petitioner asserts he has raised significant and important constitutional challenges to the Respondents' decision to detain him, and the Court should address them before he is removed to Vietnam today. Doc. 7, at 1-2. While Petitioner's challenge to the legality of his initial detention may fall squarely within this Court's habeas jurisdiction, the relief Petitioner seeks—prevention of his imminent removal—does not. *See, e.g.*, *Rauda*, 55 F.4th at 778 (holding that § 1252(g) bars any challenge to the discretionary decision to execute a removal order "[n]o matter how [a petitioner] frames it"); *Vo v. Warden of Diamondback Det. Facility,* No. 26-727-D, Doc. 20, at 2-3 (adopting Report and Recommendation recommending denial of similar challenge by a Vietnamese noncitizen to his removal proceedings as "this Court does not have jurisdiction to enjoin Respondents from removing Petitioner to Vietnam"); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) ("Claims so far outside the 'core' of habeas may not be pursued through habeas."). And "the discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by the statute." *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 297 (3d Cir. 2020)).

7

Petitioner seeks an order preventing Respondents from executing his final removal order. Section 1252(g) bars this Court's consideration of this request. So the Court should deny Petitioner's emergency motion to stay his removal to Vietnam.

## III.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **DENY** Petitioner's motion for a preliminary injunction and emergency motion to stay his removal to Vietnam. Docs. 6 & 7.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court **by May 12, 2026**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both

---

[5]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to seven days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in the captioned matter.

   **ENTERED** this 5th day of May, 2026.

               SUZANNE MITCHELL
               UNITED STATES MAGISTRATE JUDGE

9